IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
Fresno Division

| | |
|---|---|
| DEVERIN KAROL, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MED-TRANS, a Texas corporation doing business in California; AIR MEDICAL GROUP HOLDINGS, a Missouri corporation doing business in California; and DOES 1-10,<br><br>　　　　　Defendants. | Case No. 1:11-cv-00854-AWI-GSA<br><br>**STIPULATED<br>PROTECTIVE ORDER (RULE 502)**<br><br>Date:　　　　August 25, 2011<br>Time:　　　　9 a.m.<br>Courtroom:　10 (6th Floor)<br>Judge:　　　Hon. Gary S. Austin |

　　　COME NOW, Plaintiff DEVERIN KAROL and Defendants MED-TRANS CORPORATION and AIR MEDICAL GROUP HOLDINGS, INC. (collectively the "Parties"), by their respective counsel, hereby request entry of this stipulated protective order under Federal Rule of Evidence 502.

　　　1.　　Because the parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, Federal Rule of Evidence 502 shall apply to this Order.

　　　　　　a.　　The Parties hereby stipulate, and the Court orders, that such steps as the holder of the privilege or protection has taken or hereafter takes to prevent disclosure, consistent with such parties' duties to cooperate in discovery in connection with the above-captioned case, No. 1:11-cv-00854-AWI-GSA, are reasonable under the circumstances without further review, and accordingly any such disclosure is inadvertent. If a party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or

1

[Proposed] Stip. Protective Order (Rule 502)
Case No. 1:11-CV-00854-AWI-GSA

work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

      b.      A Disclosing Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information. The Receiving Party shall, within five business days of receipt of that writing, return or destroy all copies of the Disclosed Protected Information and any notes made therefrom and provide a certification of counsel that all such Disclosed Protected Information and any notes made therefrom has been returned or destroyed.

      c.      Within five business days of the notification that Disclosed Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Information.

      d.      The Receiving Party may move the Court for an Order compelling production of the Disclosed Protected Information.

      e.      The Disclosing Party retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information.

      f.      If, at trial, at a hearing, at a deposition, or on a motion, a Disclosing Party marks for identification or offers into evidence Disclosed Protected Information — or proffers or elicits testimonial or other evidence that incorporates or relies on Disclosed Protected Information, including evidence within Federal Rule of Evidence 703 — that act shall be deemed to effect a waiver by the Disclosing Party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter only if they ought in fairness to be considered together, within the meaning of Federal Rule of Evidence 502(a). The preceding sentence notwithstanding, no waiver as to Disclosed Protected Information or undisclosed information concerning the same subject matter shall apply to: (i) proceedings to determine whether the Disclosed Protected Information is privileged, protected or subject to discovery or disclosure; or (ii) Disclosed Protected Information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

2. This Order shall be deemed a court order with controlling effect pursuant to Rule 502 of the Federal Rules of Evidence.

**IT IS SO STIPULATED.**

DATED: September 2, 2011                    JACKSON LEWIS LLP


By:      s/Tyler A. Brown
Tyler A. Brown
Ronald J. Martinez
Attorneys for Defendants
MED-TRANS CORPORATION and
AIR MEDICAL GROUP HOLDINGS, INC.

DATED: September 2, 2011                    PETER LAW GROUP


By:      s/Arnold P. Peter
Arnold P. Peter
Maurice D. Pessah
Attorneys for Plaintiff
DEVERIN KAROL


IT IS SO ORDERED.

Dated:   **September 6, 2011**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE