# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVERIN KAROL, <br><br> Plaintiff, <br><br> v. <br><br> MED-TRANS, a Texas corporation doing business in California; AIR MEDICAL GROUP HOLDINGS, a Missouri corporation doing business is California, and DOES 1-10 <br><br> Defendants. | 1:11-cv-854 AWI GSA <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENAS** <br><br> (Document 19) |

**I.    INTRODUCTION**

Defendants, Med-Trans Corporation ("MTC") and Air Medical Group Holdings ("Defendants") filed a Motion to Quash Plaintiff, Deverin Karol's ("Plaintiff") deposition Subpoenas of Dr. Chetan Patel, M.D. and Children's Hospital of Central California ("Children's Hospital" or "the hospital").  The parties filed a joint statement on May 17, 2012.  The hearing scheduled for June 1, 2012 was vacated and the matter was taken under submission.  Upon a review of the pleadings, the Court GRANTS Defendants' Motion to Quash.

///

1

## II.   RELEVANT PROCEDURAL BACKGROUND

Plaintiff was a helicopter pilot for MTC between January 7, 2010, and August 12, 2010, at MTC's Air George base located at Children's Hospital.  MTC contracts with Children's Hospital to provide helicopters and pilots, while the hospital supplies medical crews that accompany Med-Trans' pilots and care for patients during transport.  On May 25, 2011, Plaintiff filed a complaint alleging that while he was employed at MTC, he witnessed and experienced violations of California and Federal labor laws, as well as violations of regulations promulgated under the Federal Aviation Act ("FAA").  Plaintiff contends that his supervisors regularly and knowingly ordered him to bypass FAA regulations, and lied to Hospital staff about the airworthiness of the aircraft.  Plaintiff further alleges that his complaints about MTC's unlawful labor practices, and his concerns of helicopter safety were met with unwarranted disciplinary reports, exaggerated allegations of workplace "misconduct," and an accusation that Plaintiff falsified a risk assessment report.

As a result of the above, Plaintiff contends that his employment was unlawfully terminated.  He filed the instant complaint alleging the following causes of actions : 1) prohibition against retaliation by an employer in violation of California Labor Code § 6310, 2) wrongful termination in violation of public policy, 3) a violation of California Labor Code § 522, and 4) slander in violation of California Civil Code § 46.  He is requesting general, special, and punitive damages, attorneys' fees, pre-and post-judgment interest, costs, and other just relief.

On April 25, 2012, Plaintiff noticed two depositions.  Specifically, Plaintiff seeks to depose the person most knowledgeable at Children's Hospital about the following issues : 1) payments made by MTC to the hospital, 2) medicare reimbursement for those payments, 3) the hospital's accounting procedures regarding payments by MTC to the hospital, 4) the applicability of Medicare's Anti-Kickback Act, 42 U.S.C. § 1320A-7B to those payments, and 5) negotiations regarding the terms of any contracts between the hospital and Defendants.  Additionally, Plaintiff seeks to subpoena Dr. Chetan Patel and documents that relate to decisions to transport patients

via helicopter as opposed to ground transportation and any payment from the hospital to Defendants for air ambulance services.

Defendants have filed this instant Motion to Quash on the basis that none of the requests bear any relationship to the allegations contained in Plaintiff's complaint.  Moreover, Defendants argue that the requests are overbroad, unduly burdensome, contain private and confidential information, and are not reasonably calculated to lead to admissible evidence.  Plaintiffs counters that the information requested is relevant because it seeks to obtain information regarding the legality of MTC's payments made to the hospital for use of MTC's services during Plaintiff's employment which may have led to his termination.

**III.    DISCUSSION**

Under Federal Rule of Civil Procedure 45, any party may serve a subpoena to depose a non-party or command a non-party "to produce documents, electronically stored information, or tangible things ..." Fed. R. Civ. Proc. 45(a)(1)(c).  However, all discovery mechanisms, including Rule 45 subpoenas, are subject to the relevancy requirements under Rule 26 of the Federal Rules of Civil Procedure which provides as follows :

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
> Fed. R. Civ. P. 26(b)(1).

Defendant argues that the information requested is irrelevant to any claim or defense because Plaintiff's complaint does not currently allege that he complained to Defendants regarding unethical financial arrangements between Defendants and Children's Hospital. Moreover, Plaintiff admitted in his deposition that he and his counsel started looking into the financial arrangements a few days prior to the taking of his own deposition on April 10, 2012. When asked if he knew about the alleged violations earlier, Plaintiff indicated that he had some

discussion with other employees at MTC (Daniel Marquez and Tom Wheeler) about these payments, but he thought they were all joking and did not give it much thought at the time. Deposition of Deverin Karol dated April 12, 2012, at pg. 215: 4-23; pg. 218: 4-16 (Doc. 19-2 at Ex. E). Defendants allege that Plaintiff's statements prove that he did not think there was unlawful activity taking place during his employment, so he could not have complained about it at the time, and he could not have been discharged on that basis.

In opposition, Plaintiff contends that the relevancy standard for discovery is much broader than relevancy during trial, and it should be liberally construed. In this instance, Plaintiff suspected there may have been violations of the Anti-Kickback Act occurring during his employment and he recently discovered evidence suggesting that this was the case. Moreover, there are four causes of action in the complaint that allege that Plaintiff was terminated for reporting various violations of law. He contends he also questioned practices about payments being made by MTC to the Hospital for services MTC was providing. Plaintiff argues this is sufficient to allow additional discovery on this issue. The Court disagrees.

A review of the complaint reveals that there is not one reference to the fact that Plaintiff had suspicions about payments made by MTC to the hospital, nor are there any allegations that there were violations of the Anti-Kickback Act. Moreover, the complaint does not mention that Plaintiff was terminated as a result of his actions related to this issue. (Doc. 1).[1] The complaint is very clear that Plaintiff believed he was terminated because he complained about violations of regulations related to the air safety, as well as violations of the labor laws. Since the instant complaint is the controlling pleading in this case, the Court is strained to see how any discovery into the issue of payments between MTC and the hospital for services provided would be relevant. Although relevancy is to be liberally construed, "[t]he standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the

---

[1] Even the paragraphs of the complaint cited by Plaintiff in the Joint Statement only relate to violations to air safety and labor laws. (Doc. 19-1 at pg. 10 and Doc. 1 at para. 9, 69, 75).

4

theory that it might conceivably become so." *Food Lion v. United Food & Comm 'l Workers Union*, 103 F.3d 1007, 1012-1013 (D.C .Cir.,1997) (internal quotes omitted).   Furthermore, discovery is also not to be used as a fishing expedition. *Klein v. Northwestern Mutual Life Insurance Company*, 806 F. Supp. 2d 1120, 1126 (S.D. Cal., 2011).  Plaintiff would need to amend his complaint to include these allegations before any discovery on this issue would be proper.[2]  Accordingly, the Court is not persuaded by Plaintiff's arguments based on the complaint as it is currently pled.  Given this ruling, the Court need not address the other arguments presented in the Joint Statement.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, Defendants' Motion to Quash is GRANTED.   Plaintiff shall not be permitted to take the deposition testimony of either of the subpoenaed parties at this stage of the proceedings.

IT IS SO ORDERED.

Dated:   **June 19, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that a Motion to Amend the Complaint would be need to be filed in order for the court to consider permitting discovery on this issue.  While the Court currently takes no position on whether such motion would be granted, it has concerns about the timeliness of bringing such a motion, as well as whether Plaintiff could establish a cause of action based on retaliation for complaints about violations of the Anti-Kickback Act when Plaintiff 's own testimony appears to indicate that he did not give much thought to the payments during the time he worked there.

5