1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10
DEVERIN KAROL, an individual,           )    1:11-cv-00854 AWI GSA
11                                      )
              Plaintiff,                )    **ORDER REGARDING PLAINTIFF'S**
12                                      )    **MOTION FOR LEAVE TO FILE FIRST**
       v.                               )    **AMENDED COMPLAINT**
13                                      )
MED-TRANS, a Texas corporation doing    )    (Document 28)
14   Business in California; AIR MEDICAL )
GROUP HOLDINGS, a Missouri corporation  )
15   doing business in California; and DOES 1-10, )
                                        )
16            Defendants.               )
17   _____ )

18
19                          **INTRODUCTION**

20         On July 13, 2012, Plaintiff Deverin Karol filed a Motion for Leave to File Amended

21   Complaint.  (Doc. 28.)  On July 27, 2012, Defendants Med-Trans Corporation and Air Medical

22   Group Holdings, Inc. (collectively "MTC") filed their opposition to the motion.  (Doc. 29.)

23   Thereafter, on August 3, 2012, Plaintiff filed his reply to the opposition.  (Doc. 32.)

24   //

25   //

26   //

27
28                                     1

On August 7, 2012, this Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g).[1]  The hearing scheduled for August 10, 2012, was vacated and the matter was deemed submitted for written findings.  (Doc. 34.)

## RELEVANT FACTUAL AND PROCEDURAL SUMMARY

Plaintiff was employed as a helicopter pilot for Defendant MTC between January 7, 2007 and August 12, 2010, at MTC's Air George base located at Children's Hospital of Central California ("CHCC").  MTC contracts with CHCC to provide helicopters and pilots for medical air transportation.  CHCC provides medical staff that accompany MTC's pilots and oversee the care of the patients during transport.  On May 25, 2011, Plaintiff filed a complaint alleging that, while he was employed at MTC, he witnessed and experienced violations of California and Federal labor laws, as well as violations of regulations promulgated under the Federal Aviation Act ("FAA").  Plaintiff contends that his supervisors regularly and knowingly ordered him to bypass FAA regulations, and lied to CHCC staff about the airworthiness of the aircraft used to provide transportation services.  Plaintiff further alleges that his complaints about MTC's unlawful labor practices, as well as his concerns regarding helicopter safety, were met with unwarranted disciplinary reports, exaggerated allegations of workplace "misconduct," and an accusation that Plaintiff falsified a risk assessment report.

Plaintiff's original complaint alleges the following causes of action: (1) retaliation in violation of California Labor Code section 6310; (2) wrongful termination in violation of public policy; (3) a violation of California Labor Code section 522; and (4) slander in violation of California Civil Code section 46.  He seeks general, special and punitive damages, attorneys' fees, pre-and post-judgment interest, costs, and other just relief.  (Doc. 1.)

On May 17, 2012, the parties filed a Joint Statement Regarding Discovery Dispute concerning Defendants' Motion to Quash Deposition Subpoenas of CHCC and Chetal Patel,

---

[1] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits.  Any omission of reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

1    M.D. (*See* Doc. 19.)  On June 19, 2012, this Court issued its Order Granting Defendants' Motion

2    to Quash Subpoenas.  The Court reasoned that because the complaint referenced only Plaintiff's

3    belief that he was terminated as the result of his complaints about violations of air safety

4    regulations and labor laws, whether or not any type of payment was made by MTC to CHCC was

5    not relevant to any claim or defense asserted.  (Doc. 23.)

6           Plaintiff now seeks leave to amend his complaint regarding the purported payments made

7    by MTC to CHCC.

8                                                **DISCUSSION**

9       *Legal Standards*

10          Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his

11   complaint once "as a matter of course," and without leave of court, before a response has been

12   filed.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only amend

13   the pleading with the opposing party's written consent or the court's leave once a responsive

14   pleading has been filed.  Fed. R. Civ. P. 15(a)(2).  Here, Defendants filed a responsive pleading

15   to Plaintiff's complaint on June 22, 2011, thus, leave of Court is required.  (Doc. 9.)

16          The United States Supreme Court has stated that

17          [i]n the absence of any apparent or declared reason – such as undue delay, bad
            faith or dilatory motive on the part of the movant, repeated failure to cure
18          deficiencies by amendments previously allowed, undue prejudice to the opposing
            party by virtue of allowance of the amendment, futility of amendment, etc. – the
19          leave sought should, as the rules require, be "freely given."

20   *Foman v. Davis*, 371 U.S. 178, 182 (1962).

21          This policy is "to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon,*

22   *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted).  The Ninth Circuit has summarized

23   the factors to be considered by the court to include: (1) undue delay; (2) bad faith; (3) prejudice

24   to the opponent; and (4) futility of amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743

25   F.2d 1310, 1319 (9th Cir. 1984).  However, not all of these factors merit equal weight.  *Eminence*

26   *Capital, LLC, v. Aspeon, Inc.*, 316 F.3d at 1052.  It is the consideration of prejudice that carries

27

28                                                   3

1    the greatest weight.  *Id*.  Absent prejudice, or a strong showing of the remaining factors, there is a

2    presumption in favor of granting leave to amend.  *Id*.

3        ***Analysis***

4            **1.**    ***The Parties' Positions***

5            Plaintiff argues that because he only suspected, rather than "knew with certainty that

6    Defendants were engaged in unethical financial arrangements" with CHCC, he did not set forth

7    these factual allegations in the original complaint.  He asserts that during depositions held April

8    9, 2012, he "definitively learned for the first time" that Defendants continue to engage in the

9    "illegal practice of making the payment of a 'referral fee' or 'transport fee' . . . for each

10   helicopter transport" to CHCC.  Because leave to amend is to be freely granted, Plaintiff

11   contends he should be permitted to amend his complaint accordingly.  More particularly, Plaintiff

12   contends Defendants would not be unduly prejudiced or delayed, and that the amendments he

13   seeks are not futile.  (Doc. 28; *see also* Doc. 32 [reply].)

14           Defendants contend that Plaintiff's request is untimely and well beyond the deadline

15   provided for in the scheduling order, and that it is made in the absence of good cause.  Further,

16   Defendants contend the proposed amendments are futile, and would only serve to prejudice

17   Defendants.  (Doc. 29 at 3-11.)

18           For the reasons that follow, the Court will deny Plaintiff's motion for leave to file a First

19   Amended Complaint ("FAC").

20           **2.**    ***Undue Delay & Prejudice***

21           Defendants challenge Plaintiff's motion on the basis of undue delay and prejudice.  More

22   specifically, Defendants assert they have already produced hundreds of documents and thousands

23   of emails, and have completed nine depositions and responded to written discovery requests.  If

24   Plaintiff was permitted to amend his complaint at this stage, the further discovery necessitated by

25   the requested amendments would serve to delay resolution of this action.  Defendants note the

26   deadline for amendments has passed and contend that there is no good cause to modify the

27

28                                           4

scheduling order.  Morever, Defendants contend that Plaintiff knew or reasonably should have known of the factual and legal basis for his proposed new claims as early as March 2011, prior to the complaint having been filed in this case.

The Court agrees with Defendants that they will suffer prejudice were Plaintiff granted leave to amend his complaint at this stage of the proceedings.  Significant discovery has already been conducted.  Defendants will face additional costs and expenses in the event of additional discovery.  The Court notes the previously-extended non-expert discovery deadline has now expired, expert discovery is due this week, and the deadlines for non-dispositive and dispositive motions are looming.  Further, a pretrial conference is set before District Judge Anthony W. Ishii on January 17, 2013, and a jury trial is scheduled to commence before Judge Ishii on March 5, 2013.

A scheduling order may be modified.  Rule 16(b)(2) and (3) of the Federal Rules of Civil Procedure require district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery."  However, modification of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  In *Johnson v. Mammoth Recreations Inc.*, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609.

The Court is not persuaded by Plaintiff's position, and in particular, Plaintiff's statement that "[g]ranting this Motion will not extend motion deadlines or trial dates in this case." Not so. Adding new claims that would require additional written discovery and production of documents, as well as additional depositions, that may then necessitate the filing of additional pre-trial motions, would most certainly require modification of the operative scheduling order, as well as the continuance of the pretrial conference and jury trial dates. One indicator of prejudice includes the need to reopen discovery. *In re Fritz Cos. Secs. Litig.*, 282 F.Supp.2d 1105, 1109 (N.D. Cal. 2003). Defendants will be prejudiced by the need to reopen discovery regarding Plaintiff's new claims were he to be granted leave to amend.

In *Howey v. U.S.*, 481 F.2d 1187 (9th Cir. 1973), the Ninth Circuit Court of Appeals observed that "[t]he purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy." *Howey*, at 1191. Thus, by itself, undue delay is insufficient to prevent the Court from granting leave to amend. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (where the Court found a delay of two years, "while not alone enough to support denial, is nevertheless relevant").

Even taking Plaintiff's assertion that he learned of the MTC to CHCC payments with "certainty" for the first time in April 2012 as true, Plaintiff should have acted diligently by seeking leave to amend his complaint shortly thereafter. In fact, Plaintiff took no such action. Instead, he only did so after this Court granted Defendants' earlier motion to quash. (*See* Doc. 23, n.2.)

In sum, this Court finds prejudice to Defendants to be a significant factor, greatly weighing against a grant of Plaintiff's motion. Further, while the delay here is arguably either

one of about sixteen months (March 2011 to July 2012) or about three months (April 2012 to July 2012), this factor, in combination with the prejudice, also weighs against Plaintiff's request.

### 3.     *Futility of Amendment*

Defendants also oppose Plaintiff's motion on the basis of futility of amendment. Specifically, Defendants contend Plaintiff's proposed amendments and the conduct asserted do not amount to a protected activity required to establish a prima facie case of retaliation or wrongful termination.  Defendants also assert that compliance with the Pilot Records Improvement Act cannot constitute a tort, and thus, the proposed amendment is futile on this basis.

The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Accordingly, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense. *Id*.

The Court need not decide whether the requested amendments are futile.  That is so because the factors considered here do not merit equal weight, and as previously explained, this Court has already found that Defendants would be prejudiced by late amendment.  Prejudice carries the greatest weight in the analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052.  Therefore, whether such amendments would be futile is not determinative.  "Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052, internal citation omitted.

### CONCLUSION AND ORDER

In light of the foregoing, it is hereby ordered that Plaintiff's motion for leave to file a FAC (Doc. 28) is DENIED.

IT IS SO ORDERED.

Dated:   **September 5, 2012**                    **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE